# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CURTIS J. SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-06-1164-F |
| ) | |
| MICHAEL J. ASTRUE,[1] ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his applications for disability insurance and supplemental security income benefits. United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ___). As the parties have briefed their respective positions, the matter is now at issue. For the following reasons, it is recommended that the Commissioner's decision be affirmed.

## I.   PROCEDURAL HISTORY

Plaintiff protectively filed applications for disability insurance and supplemental security income benefits on December 9, 2003, alleging a disability onset date of

---

[1] Michael J. Astrue became the Commissioner of the Social Security Administration on February 12, 2007. Pursuant to Federal Rule of Civil Procedure 25(d)(1) and 42 U.S.C. § 405(g), Michael J. Astrue is substituted for the former Commissioner, Jo Anne B. Barnhart, as Defendant in this suit.

November 5, 2003, stemming from the residual effects of throat cancer and degenerative disc disease. Tr. 57-59, 241-45. The applications were denied at the administrative level on initial consideration and on reconsideration. Tr. 23, 24, 25-27, 30-32, 246, 247-49, 250, 251-52. Plaintiff requested a hearing before an administrative law judge which was held on March 27, 2006. Tr. 33, 263-82. Plaintiff appeared with an attorney and offered testimony in support of his applications. Tr. 265-77. A medical expert and a vocational expert testified at the request of the administrative law judge. Tr. 38, 43, 277-78, 279-81. The administrative law judge issued his decision on May 24, 2006, finding that Plaintiff was not "disabled" within the meaning of the Social Security Act and was, therefore, not entitled to either disability insurance or supplemental security income benefits. Tr. 11-13, 14-21. The Appeals Council denied Plaintiff's request for review on August 24, 2006, and thus, the decision of the administrative law judge became the final decision of the Commissioner. Tr. 5-7.

## II. STANDARD OF REVIEW

Judicial review of the agency's decision focuses on

> whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show [that] it has done so, is also grounds for reversal. Finally, because [judicial] review is based on the record taken as a whole, [courts] will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, [courts] may neither reweigh the evidence nor substitute [their] discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). The Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). The claimant bears the burden to establish a prima facie case of disability at steps one through four. Id. at 751 and n.2. If the claimant successfully carries his burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity ("RFC") to perform work in the national economy given his age, education, and work experience. Id. at 751.

### III. THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

The administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920 to conclude that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 15-16. He first found that Plaintiff had not engaged in substantial gainful activity at any time relevant to the decision. Tr. 16. At steps two and three, the administrative law judge determined that Plaintiff suffered from status post supraglottic cancer and degenerative disc disease of the lumbar spine and that these impairments were severe, but not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 16-17. The administrative law judge next concluded that Plaintiff had the RFC to perform sedentary work. Tr. 17-20. Based on this RFC finding, the administrative law judge found at step four that Plaintiff was not able to perform his past relevant work as a roughneck, assembly line worker, and painter. Tr. 20. However, at step five, the administrative law judge found that there were a significant number of jobs that a person with Plaintiff's RFC

and vocational factors could perform, relying on Rule 201.28 of the medical-vocational guidelines ("the grids"). Tr. 20.[2]  Therefore, the administrative law judge found that Plaintiff was not disabled and was not entitled to either disability insurance or supplemental security income benefits. Tr. 20-21.

### IV. ISSUE ON APPEAL

Plaintiff's only argument on appeal is that the administrative law judge erred in conclusively relying on the grids to find that he was not disabled. See Plaintiff's Brief, pp. 2-5.

### V.   DISCUSSION

Plaintiff argues that the Commissioner erred by relying on the grids because of his nonexertional limitations and because he is unable to perform the full range of sedentary work. He alleges that the record contains evidence that he suffers from pain, prescription drug side effects, and fatigue and that the decision failed to address how these limitations affect his ability to perform the full range of sedentary work. Plaintiff's Brief, pp. 4-5. Therefore, Plaintiff argues, it was inappropriate for the administrative law judge to rely on the grids. Id. at 5. In defense of the decision, the Commissioner contends that conclusive reliance on the grids was proper because Plaintiff does not have a significant nonexertional limitation that further reduces the range of jobs available in the sedentary work category that the administrative law judge assigned to Plaintiff. Commissioner's Brief, pp. 5-7.

---

[2] Although the administrative law judge obtained vocational expert testimony at the hearing, he relied strictly on the grids.

4

At step five of the sequential evaluation process, the Commissioner bears the burden to demonstrate that a claimant retains the ability to perform work that exists in the national economy. Channel v. Heckler, 747 F.2d 577, 579 (10th Cir. 1984) (per curiam). The Commissioner promulgated the grids to assist with the step five burden. Id. at 578; 20 C.F.R. Pt. 404, Subpt. P, App. 2. "The grids are matrices of the 'four factors identified by Congress - physical ability, age, education, and work experience - [which] set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy.'" Daniels v. Apfel, 154 F.3d 1129, 1132 (10th Cir. 1998) (quoting Heckler v. Campbell, 461 U.S. 458, 461-62 (1983)). If the administrative law judge's RFC (physical ability) and vocational (age, education, and work experience) findings coincide with a grid rule's categories, then the rule directs a conclusion as to whether or not the claimant is disabled. 20 C.F.R., Pt. 404, Subpt. P, App. 2, § 200.000. Thus, in appropriate circumstances, the Commissioner may rely on the grids to meet the burden at step five. Daniels, 154 F.3d at 1132.

However, "the grids may not be applied conclusively in a given case unless the claimant's characteristics precisely match the criteria of a particular rule." Channel, 747 F.2d at 579. "To be placed at a particular level of residual functional capacity, a claimant must be able to perform the *full range* of such work on a daily basis." Frey v. Bowen, 816 F.2d 508, 512-13 (10th Cir. 1987) (quoting Channel, 747 F.2d at 579) (emphasis in original). The mere presence of a nonexertional impairment does not automatically preclude reliance on the grids. Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993). Instead, conclusive reliance on the grids is foreclosed only when the

5

nonexertional impairment interferes with the claimant's ability to perform the full range of work in a particular RFC category. See id. (nonexertional impairment such as pain must interfere with ability to work to preclude reliance on the grids); Frey, 816 F.2d at 513.

Thus, it is the Court's function herein to assess whether the administrative record contains substantial evidence to support the decision of the administrative law judge that Plaintiff can perform the full range of sedentary work notwithstanding his alleged pain, prescription drug side effects, and fatigue. See Ragland v. Shalala, 992 F.2d 1056, 1058 (10th Cir. 1993).

In arguing that the administrative law judge erred by conclusively relying on the grids, Plaintiff first claims that the administrative record shows that he suffers from the nonexertional impairments of pain and fatigue and he cites relevant portions of the transcript to support this. Plaintiff's Brief, p. 4. However, the administrative law judge recognized this and explained in some detail why neither Plaintiff's fatigue nor pain precluded him from the full range of sedentary work. For example, the administrative law judge recognized that Plaintiff's medical records demonstrate that he experienced some pain but that the pain had improved, stabilized, and was adequately controlled with medications for mild to moderate pain. Tr. 18-19, citing Exhibits 7F, 8F, 10F and 13F; see Tr. 156, 158, 160, 167, 169, 231. It was also significant to the administrative law judge that Plaintiff performed heavy work in spite of his impairments until he was laid off and that there was no indication that Plaintiff's condition had worsened. Tr. 18-19, 160, 162, 187, 194. Further, the decision shows that the administrative law judge

considered Plaintiff's complaints of fatigue but he found that the fatigue was mild and, consistent with what Plaintiff's doctor said, was likely caused by his full time work in the oil fields. Tr. 18, 165.

At the hearing Plaintiff described to the administrative law judge the pain and fatigue-producing effects of his conditions.[3] Tr. 269-275. He informed the administrative law judge that he experienced occasional electrical surges in his body, soreness in his throat, and bouts of numbness in his appendages. Tr. 270-273. Additionally, Plaintiff testified that although he experienced back pain, it was something that he had "learned to live with," bore a direct correlation to his activity level, and that he is still able to lift 60-70 pounds without a problem. Tr. 272, 275. Plaintiff also informed the administrative law judge that he took a one-hour nap every day because of his fatigue. Tr. 271.

The administrative law judge showed that he considered this testimony along with Plaintiff's medical records in reaching his decision. The decision extensively discusses Plaintiff's complaints of pain, how the administrative law judge treated the medical records documenting Plaintiff's pain and fatigue, and why he found that Plaintiff's "allegation of significant limitations in the ability to perform basic work activities is not credible to the extent alleged." Tr. 18. Undoubtedly, Plaintiff does experience some pain. But "[d]isability requires more than mere inability to work without pain. To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as

---

[3] Plaintiff also complained of anxiety and depression, dry mouth, difficulty eating, weight fluctuation, hand numbness, difficulty sleeping, and troubles with his ability to concentrate and focus. Tr. 16-17, 271, 274-77. As Plaintiff's brief only complains about the administrative law judge's treatment of the evidence of his pain, prescription drug side effects, and fatigue, those are the only conditions considered here.

to preclude any substantial gainful employment." Brown v. Bowen, 801 F.2d 361, 362-63 (10th Cir. 1986) (quoting Dumas v. Schweiker, 712 F.2d 1545, 1552 (2d Cir. 1983)). The administrative law judge found that while Plaintiff does suffer from pain, the pain did not limit his ability to perform the full range of sedentary work. As noted above, Plaintiff has made no argument as to why that finding is in error as he simply contends he has pain and fatigue.

Plaintiff's claim that the administrative law judge failed to appropriately consider his complaints about the limiting side effects of his prescription drugs, namely dizziness, does not warrant reversal either. Unlike his arguments on pain and fatigue, Plaintiff does try to show why he thinks the administrative law judge erred in his consideration of this issue. Plaintiff notes that the administrative law judge concluded that his allegations concerning the side effects of his medications were not credible because the medical reports did not corroborate those allegations. Plaintiff's Brief, p. 4; Tr. 19. Plaintiff argues that he "may very well have complained to the doctor regarding [prescription drug side effects] but the doctor may not have included these complaints in the office notes" and that the administrative law judge's conclusion "is erroneous given the often 'minimal' detail given by doctors in their office notes." Plaintiff's Brief, p. 4.

However, there is absolutely no evidence that Plaintiff ever complained to his doctors about any side effects of his current pain medication and the administrative law judge was entitled to rely on the absence of any such reports in the record to discount Plaintiff's credibility on this issue. See Kelley v. Chater, 62 F.3d 335, 337-38 (10th Cir. 1995) (administrative law judge discounted claimant's testimony that pain medications

8

made him sleepy, noting the claimant's failure to report this to his doctor); Sims v. Barnhart, No. 01-5108, 33 Fed. Appx. 944, 949 (10th Cir. April 12, 2002) (claimant's allegations regarding the side effects of medication were without merit where administrative record contained only passing references to side effects); Haller v Chater, No. 95-5223, 1996 WL 402251, at *2 (10th Cir. Jul. 18, 1996) (rejecting claimant's argument that the administrative law judge erred by disregarding evidence that claimant was unable to work due to side effects of medication where the treating physician did not indicate claimant ever complained of side effects).[4]

Since the administrative law judge's determination that Plaintiff's alleged nonexertional limitations, pain, prescription drug side effects, and fatigue, did not further limit his ability to perform the full range of sedentary work is supported by substantial evidence, the administrative law judge did not err by conclusively relying on the grids to determine that Plaintiff was not disabled.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge finds that the final decision of the Commissioner of Social Security Administration is supported by substantial evidence and employed correct legal standards and, thus, should be affirmed. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by July 19, 2007, in accordance with 28 U.S.C. § 636 and

---

[4] These unpublished dispositions cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 29th day of June, 2007.**

*[signature]*

DOYLE W. ARGO
**UNITED STATES MAGISTRATE JUDGE**